IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GEORGE HOEY MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:11-CV-1051-TMH |
| | )                    [WO] |
| SUSAN JAMES, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution in Tucson, Arizona, filed a complaint in the Circuit Court for Montgomery County, Alabama, on March 4, 2011. On December 9, 2011, Plaintiff filed a notice of removal considered a request for removal to federal court under 28 U.S.C. § 1441.  After considering the applicable law, the court finds that this case is due to be dismissed and remanded to the state court.

**I. DISCUSSION**

Statutes authorizing removal unambiguously state that only defendants are eligible to remove civil actions from a state court to a federal district court. *See* 28 U.S.C. §§ 1441-1453. The federal removal statute defining which actions are removable provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants* to the

district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).

The process of removing a case from state to federal court was statutorily created to permit *a defendant* to substitute a forum of his or her own choosing that has jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104-05 (1941). The removal statutes intentionally "restrict the right [of removal] to the party who had no choice of forum." *Victorias Milling Co. v. Hugo Neu Corp.,* 196 F. Supp. 64, 68 (S.D.N.Y.1961); *see also Russell Corp. V. American Home Assur. Co.*, 264 F.3d 1040, 1048 (11th Cir. 2001) ("The defendants' right to remove a case is their right alone."); *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1248 (9th Cir. 1999) ("The right to remove a case from state to federal court is vested exclusively in 'the defendant or the defendants . . .' 28 U.S.C. § 1441(a)."); *Hamilton v. Aetna Life & Casualty Co.,* 5 F.3d 642, 644 (2nd Cir. 1993) ("the [district] court was correct in its observation that there was no authority permitting [plaintiff] to remove his own action to federal court."). Based on the foregoing, it is clear that Plaintiff had no authority to remove the action he filed in state court identified as *Morris v. James*, Civil Action No. 2011-325.00 and, as such, his removal of this action was improper.[1]

Plaintiff fails to show any reason why, as a plaintiff, he has any right to remove this

---

[1] It is clear from the pleadings and documents before the court that it was Plaintiff who filed the request for removal in his state court action and not the presiding state court judge as Plaintiff appears to intimate. (*See Doc. No. 1 at page 4 of 5.*)

action to federal court and has not otherwise shown that removal is appropriate here. Accordingly, because Plaintiff lacks standing to remove under 28 U.S.C. § 1441(a), this case shall be dismissed and remanded to the state court. *See* 28 U.S.C. § 1446(c)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

## II. CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that the captioned action be DISMISSED and REMANDED to the state court for further proceedings.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **December 29, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done, this 15th day of December 2011.


                /s/Terry F. Moorer
               TERRY F. MOORER
               UNITED STATES MAGISTRATE JUDGE